[No. 31870. Department Two. March 6, 1952.]

CLARENCE W. PETERS, *Appellant,* v. WATSON COMPANY, INC., *Respondent.*[1]

*Hennessey & Curran,* for appellant.

*Witherspoon, Witherspoon & Kelley,* for respondent.

[1]Reported in 241 P. ·(2d) 441.

HILL, J.—■ A provision in an "Agreement to Purchase" which reads:

"For the purpose of this instrument the following shall not be considered as encumbrances . . . : . . . easements for private driveways in the city limits, or public roads actually in use as such, and for telephone, sewer, gas, water, or electric service";

is not ambiguous.

A title report showed that the property described in the agreement to purchase was subject to an easement for a private alleyway; such an easement was, by the terms of that agreement, not an encumbrance.

The foregoing is decisive of the present case and leads to an affirmance of the trial court, which held that the plaintiff (appellant here) was not entitled to recover the earnest money paid under such agreement to purchase when the only reason for his refusal to complete the purchase was his contention that the easement for a private alleyway was an encumbrance.

The statements in the preceding paragraphs as to what is actually decided in the present case seem so patent that it might well be queried, Why was there a lawsuit? The answer is that appellant presented the ingenious argument that the alleyway in question was overgrown with shrubs and scrub trees and gave no signs of existence or use, and that the words "actually in use" in the provision quoted in the first paragraph of this opinion modified not only "public roads" but also "easements for private driveways in the city limits." The significance would be that easements for private driveways actually in use would not be encumbrances; *ergo*, those not in actual use would be encumbrances.

This argument meets an insuperable obstacle in the comma which follows the word "limits" in the quoted portion of the agreement. It is urged that the comma is the lowest and least significant of all punctuation marks, and that in this case it should simply be eliminated or moved to the right three words. We must confess, however, to a

very high regard for the lowly comma. When a contract has a clear and certain meaning, we will not, in the absence of fraud or mutual mistake, neither of which is suggested here, make a new contract for the parties by eliminating a comma or moving it a certain number of words to the right or left.

The judgment of dismissal is affirmed.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.